# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT MAYS,                           :
                                       :
    Plaintiff,     :
                                       :
    vs             :    Civil Action
                                       :    No. 06-369 (GK)
SUTER, ET AL.,                         :
                                       :
    Defendants.     :
                                       :

## RESPONSE TO ORDER TO SHOW CAUSE DUE APRIL 5, 2006

  I, Robert Mays wish to show the court that William K. Suter, Clerk of the United State Supreme Court and Ann M. Veneman, Secretary of the Department of Agriculture CONSPIRED to deny me my civil rights.

  The clerk denied my day in court by wrongfully refusing to file my writ of certiorari and returning the $300.00 filing fee. See Exhibit B

  The compliant was timely filed.

  The United States Court of Appeals order that the petition be denied filed on October 12, 2005. See Exhibit A

  The petition for a writ of certiorari was postmarked January 9, 2006. See Exhibit B

  The foregoing facts support my claim that the writ of certiorari was timely filed.

  Also the Supreme Court of the United States (Item 111), The time for filing provides 90 days from the denial of a timely filed petition for rehearing. See Exhibit C

  According to my calculations, from October 12, 2005 to January 9, 2006 is 89 days. The Supreme Court allows 90 days.

RECEIVED

MAR 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Four banks denied me an operational farm loan said or implied that my income was too low; while USDA receiving the same documents said or implied that my income was too high.

The above statement (Exhibit 1D – 4D) supports my claim. Exhibit E supports my statement from USDA.

The law as I understand it; if 3 banks deny a farmer a loan the farmer is entitled to an USDA loan.

The Secretary of Agriculture upheld the USDA denial

For me the denial was a continuation of the treatment I received at the ballot box in 1946.

After receiving an Honorable Discharge (Exhibit F) in 1945 I was denied the right to vote in 1946.

In my opinion, Mr. Suter, Clerk of the United States Supreme Court in January 11, 2006 denied my day in court is by far the greater evil

<u>ARGUMENT</u>

After receiving an Honorable Discharge (Exhibit F) in 1945, beginning in 1946 and for the post 60 years I have continuously been a victim of a conspiracy.

In 1946 I was denied the right to vote.

In 2006 Mr. William K. Suter, Clerk of the Supreme Court denied me my day in court (Exhibit B)

The individuals in 1946 who denied me the right to vote was upholding the law because I was a black my attempting to vote in a "White Only" primary.

Mr. Suters' reason for denying my day in court in 2006 is unknown to me.

Far many Black Americans feel that the establishment is treating Black Americans the same as Native Americans, to eliminate landowners.

Four banks denied me an operational farm loan because my income was too low (See Exhibit 1D – 4D), while USDA receiving the same documents said or implied that my income was too high (See Exhibit E)

In 1975 PCA made an operational farm loan promising the money in January 1976. Instead PCA held the money until May 1976. (See Exhibit 1G – 4G)

By holding the operating funds until May caused me to operate on credit, in addition to late planting.  Often late-planted crops cannot be insured.

The holding of operating funds caused debt.  Part of the farm had to be sold. (See Exhibit H) Part of the farm sold for over $1,000,000.00 (See Exhibit H)

That same tract of land, with improvements and inflation, would sell for $10,000,000.00 (ten million) more or less

## SUMMARY

In view of the foregoing facts there is no doubt in my mind that William K. Suter, Clerk of the United States Supreme Court and Ann M. Veneman, Secretary of the United States Department of Agriculture CONSPIRED to wrongfully take my property from me.

The members need no know each other on the part played by others. (Blacks Law Dictionary)

A conspiracy may be a continuing one.  In fact my case started 60 years ago.

(3)

The essence of a "Civil conspiracy" is a consert or combination to defraud or cause other injury to a person or property which result in damage to the person or property the plaintiff (See Exhibit I)

Wherefore, the premised considered, the plaintiff demand judgment against the defendants in the amount of ($10, 000,000.00) Ten Million Dollars

Express Mail
ED 085 89400145
3/29/06

Robert Mays

HUMAN
RIGHTS
WATCH   Mr. Robert Mays
        357 Mays Rd.
        Smithville, GA 31787
        WWW.HRW.ORG

1-229-874-6110

## Certificate of Service

I hereby certify that on this 27th day of March, 2006, I mailed by first class mail,

postage paid, a copy of response to Order To Show Cause Due April 5, 2006

to:

> William K. Suter, Clerk ETAL
> Supreme Court of the United States
> Washington, DC 20543-0001

> R. Craig Lawrence, Assistant U. S. Attorney
> 555 4th Street, NW
> Washington DC 20530

> U. S. Attorney General
> 950 Pennsylvania Ave., NW
> Washington DC 20530

> U. S. Attorney for the District of Columbia
> 555 4th Street, NW
> Washington, DC 20001

*Express Mail*
*E D. 0858 9401 U5*
*3/29/06*

*Robert Mays*

HUMAN RIGHTS WATCH
Mr. Robert Mays
357 Mays Rd.
Smithville, GA 31787
WWW.HRW.ORG

*1-229 874 6110*

(5)

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 04-5374

September Term, 2005

03cv0088!

Filed On:

Robert Mays,
          Appellant

v.

Secretary of Agriculture,
          Appellee.

| | |
|---|---|
| UNITED STATES COURT OF APP<br>FOR DISTRICT OF COLUMBIA C | |
| FILED   OCT 1 2 2005 | |
| CLERK | |

BEFORE:   Ginsburg, Chief Judge, and Randolph and Rogers, Circuit Judges

### O R D E R

Upon consideration of appellant's petition for rehearing filed August 8, 2005, and the supplements thereto, it is

ORDERED that the petition be denied.

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY:

Michael C. McGrail
Deputy Clerk

*Exhibit A*

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, DC 20543-0001

January 11, 2006

Robert Mays
357 Mays Road
Smithville, PA 31787

RE: Robert Mays v. Secretary of Agriculture
(USADC #04-5374)

Dear Mr. Mays:

The above-entitled petition for a writ of certiorari was postmarked January 9, 2006 and received January 11, 2006. The papers are returned for the following reason(s):

The petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was July 28, 2005. Therefore, the petition was due on or before October 26, 2005. Rules 13.1, 29.2 and 30.1. When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

Your $300.00 check is herewith returned.

Sincerely,
William K. Suter, Clerk
By:

Gail Johnson
(202) 479-3038

Enclosures

*Exhibit B*

October 2004

**OFFICE OF THE CLERK**
**SUPREME COURT OF THE UNITED STATES**
**WASHINGTON, D. C. 20543**

## GUIDE FOR PROSPECTIVE INDIGENT PETITIONERS FOR WRITS OF CERTIORARI

### I. Introduction

These instructions and forms are designed to assist petitioners who are proceeding *in forma pauperis* and without the assistance of counsel. A copy of the Rules of the Supreme Court, which establish the procedures that must be followed, is also enclosed. Be sure to read the following Rules carefully:

Rules 10-14 (Petitioning for certiorari)
Rule 29 (Filing and service on opposing party or counsel)
Rule 30 (Computation and extension of time)
Rules 33.2 and 34 (Preparing pleadings on 8½ x 11 inch paper)
Rule 39 (Proceedings *in forma pauperis*)

### II. Nature of Supreme Court Review

It is important to note that review in this Court by means of a writ of certiorari is not a matter of right, but of judicial discretion. The primary concern of the Supreme Court is not to correct errors in lower court decisions, but to decide cases presenting issues of importance beyond the particular facts and parties involved. The Court grants and hears argument in only about 1% of the cases that are filed each Term. The vast majority of petitions are simply denied by the Court without comment or explanation. The denial of a petition for a writ of certiorari signifies only that the Court has chosen not to accept the case for review and does not express the Court's view of the merits of the case.

Every petitioner for a writ of certiorari is advised to read carefully the *Considerations Governing Review on Certiorari* set forth in Rule 10. Important considerations for accepting a case for review include the existence of a conflict between the decision of which review is sought and a decision of another appellate court on the same issue. An important function of the Supreme Court is to resolve disagreements among lower courts about specific legal questions. Another consideration is the importance to the public of the issue.

### III. The Time for Filing

You must file your petition for a writ of certiorari within 90 days from the date of the entry of the final judgment in the United States court of appeals or highest state appellate court or 90 days from the denial of a timely filed petition for rehearing. The issuance of a mandate or remittitur after judgment has been entered has no bearing on the computation of time and does not extend the time for filing. See Rules 13.1 and

*Exhibit C*

P.O. BOX 4148
ATLANTA, GEORGIA 30⋅⋅

Mr. Robert Mays                                                    January 9, 1985
          Customer                                                          Date

Dear Customer:

Thank you for applying for credit at our bank. Based upon the information presented and our requirements for lending credit, we regret that we cannot be of service to you at this time.

Listed below are the basic items that we look for when when reviewing an application. For your information have checked the reason(s) that caused us to decline your request.

Occasionally there can be a misunderstanding when considering credit requests. If you have any question would like to discuss your application further, you may contact me at the following Branch or Department:

Lamar Street Branch, Americus, Georgia
                    (Branch/Department)

Thank you again for your application.

Very truly yours,

Charles R. Crisp

## CREDIT CRITERIA AND REASONS FOR DECLINE

☐ 1. Credit application incomplete
☐ 2. Insufficient credit references
☐ 3. Unable to verify credit references
☐ 4. Unemployed
☐ 5. Temporary or irregular employment
☐ 6. Unable to verify employment
☐ 7. Length of employment
☐ 8. Insufficient income
☐ 9. Unable to verify income
☐ 10. Sufficient obligations in relation to income
☐ 11. Length of residence
☐ 12. Temporary residence
☐ 13. Unable to verify residence
☐ 14. No credit file
☐ 15. Insufficient credit file
☐ 16. Delinquent credit obligations
☐ 17. Bankruptcy
☐ 18. Repossession or Judgment
☒ 19. Inadequate collateral
☐ 20. Credit references too new to rate
☐ 21. Income does not qualify
☐ 22. Unable to verify the financial worth of your business
☐ 23. Excessive credit inquiries
☐ 24. Residence is outside market area

☐ 25. Sufficient unsecured credit
☐ 26. Delinquent credit history
☐ 27. Comaker does not qualify
☐ 28. Applicant does not qualify
☐ 29. VISA balance over limit
☐ 30. Other: Specify: _____
_____

☐ 31. Information obtained in a report from a c sumer reporting agency
    ☐ Credit Bureau, Inc., Regional Center
       3 Executive Park Drive, N.E.
       Atlanta, Georgia 30329-(404) 329-1725
    ☐ Other (Name, Address and Phone No.)
    _____
    _____

☐ 32. Information obtained from an outside sou other than a consumer reporting agency. Un the Fair Credit Reporting Act, you have the ti to make a written request, within 60 days receipt of this notice, for disclosure of nature of the adverse information. My ph number is _____

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on basis of race, color, religion, national origin, sex, marital status, age (providing the applicant has the capacit enter into a binding contract), because all or part of the applicant's income derives from any public assistance gram; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act Federal agency that administers compliance with this law concerning this agency is Comptroller of the Curr Consumer Affairs Division, Washington, D.C. 20219.

exhibit 4-D

# THE STATE BANK OF LEESBURG
### TELEPHONE (912) 759-6411   POST OFFICE BOX 115
### LEESBURG, GEORGIA 31763



January 10, 1985

To Whom It May Concern,

RE: Mr. Robert Mays

    This is to advise that Mr. Mays has requested credit with us, however, at this point in time, it appears we will not be in a position to extend additional credit with him.

                            Your Truly,

                            T.R. Cannon, Jr.
                            Vice President

TRC/rja



Exhibit 3-P

<table>
<tr><td>BANK ADDRESS</td><td>The Citizens and Southern Bank of Albany<br>P. O. Box 1309<br>Albany, Ga. 31703</td><td>NOTICE OF ADVERSE ACTION TAKEN<br>AND<br>PRINCIPAL REASONS</td></tr>
</table>

Date __ January 10, 1985

CUSTOMER ADDRESS

Mr. Robert Mays
Route 1
Smithville, Ga.   31787

## DESCRIPTION OF ACCOUNT, TRANSACTION, OR REQUESTED CREDIT:

$100,000 loan for farm operations.

## DESCRIPTION OF ADVERSE ACTION TAKEN:

Loan declined.

## PRINCIPAL REASON(S) FOR ADVERSE ACTION CONCERNING CREDIT.

☐ Credit application incomplete
☐ Insufficient credit references
☐ Unable to verify credit references
☐ Temporary or irregular employment
☐ Unable to verify employment
☐ Length of employment
☐ Insufficient income
☒ Excessive obligations
☐ Unable to verify income
☐ Inadequate collateral
☐ Other (specify): _____

☐ We do not grant credit to any applicant on the terms and conditions you requested.
☐ Too short a period of residence.
☐ Temporary residence
☐ Unable to verify residence
☐ No credit file
☐ Insufficient credit file
☐ Delinquent credit obligations
☐ Garnishment, attachment, foreclosure, repossession or suit
☐ Bankruptcy

## DISCLOSURE OF USE OF INFORMATION OBTAINED FROM AN OUTSIDE SOURCE

☐ Disclosure inapplicable
☐ Information obtained in a report from a
    consumer reporting agency:

Name _____
Address _____
City/State/Zip _____
Telephone _____

☐ Information received from an outside source other than a consumer reporting agency. Under the fair credit reporting act, you have the right to make a written request within 60 days of receipt of the notice, for disclosure of the nature of the adverse information.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is: Regional Director, Federal Deposit Insurance Corporation, Peachtree Center-Harris Tower Suite 2400, 233 Peachtree Street, N.E., Atlanta, Georgia 30303

Authorized Signature *C. M. Chapman*

C. M. Chapman / Vice President

10-4230 8 REV 3-78

*Exhibit 2-D*



# CITIZENS BANK OF AMERICUS

H. PHIL JONES, JR.
SENIOR VICE PRESIDENT BANKING

January 7, 1985

TO WHOM IT MAY CONCERN:

IN RE:  MR. ROBERT MAYS, ROUTE 1, BOX 222-A SMITHVILLE, GA  31787

    Mr. Mays applied to us for a loan in the amount of $100,000
to be used in his farming operation.  We declined this request
based on inadequate collateral and the general terms and conditions
of the loan.

                Sincerely,

                H. Phil Jones, Jr.
                Sr. Vice President - Banking

HPJ:cf

Exhibit 1-D



UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION
P.O. Box 3208
Albany, GA  31706

MR. ROBERT MAYS                                    January 3, 1985
Route 1, Box 222-A
Smithville, Ga  31787

Dear Mr. Mays:

After careful consideration, we were unable to take favorable action
on your application for Farmers Home Administration services.  The
specific reason for our decision is as follows:

   The County Committee feels that due to your present family income
   of $40,000.00, you have an adequate standard of living without
   farming.

If you have any questions concerning the decision or the facts used in
making our decision and desire further explanation, you may request a
meeting with the County Committee within 15 calendar days of the date of
this letter.  You may present new information or evidence along with
possible alternative for our consideration.  You may also bring a
representative with you.  Should we be unable to satisfactorily resolve
your case, you will be advised of your appeal rights and how to begin
the appeal process.  If, without good cause, you fail to schedule or
attend this meeting, there will be no further appeal.

The Federal Equal Credit Opportunity Act prohibits creditors from
discriminating against credit applicants on the basis of race,
color, religion, national origin, sex, marital status, handicap,
or age (provided that the applicant has the capacity to enter
into a binding contract), because all or part of the applicant's
income derives from any public assistance program, or because
the applicant has in good faith exercised any right under the Consumer
Credit Protection Act.  The Federal agency that administers compliance
with the law concerning this creditor is the Federal Trade Commission,
Equal Credit Opportunity, Washington, D.C.  20580.

Sincerely,

Randolph E. Trail

exhibit E

## ARMY OF THE UNITED STATES

WD AGO Form 53-55  1 November, 1944

### HONORABLE DISCHARGE

This is to certify that

ROBERT MAYS    34 410 845   Corporal 3283rd Quatermasters Service Company

### ARMY OF THE UNITED STATES

is hereby Honorably Discharged from the military service of the United States of America.
This certificate is awarded as a testimonial of Honest and Faithful Service to this country.

Given at  Separation Center  Camp Gordon Georgia

Date .   13 December 1945            Walter M Lank        Major    Inf

### ENLISTED RECORD AND REPORT OF SEPARATION
HONORABLE DISCHARGE

| 1. Last Name—First Name—Middle Initial | | 2. Army Serial No. | 3. Grade | 4. Arm or Service | 5. Comp |
|---|---|---|---|---|---|
| MAYS   ROBER | | 34 410 845 | CPL | QMC | AUS |
| 6. Organization | | 7. Date of Separation | 8. Place of Separation | | |
| 3283rd Qm Sv Co | | 13 Dec 45 | Separation Ctr Cp Gordon Ga | | |
| 9. Permanent Address for Mailing Purposes | | 10. Date of Birth | 11. Place of Birth | | |
| Rt 2 Box 150 Leslie  Lee Co Ga | | 19 Jul 20 | Leslie Ga | | |
| 12. Address from Which Employment Will Be Sought | | 13. Color Eyes | 14. Color Hair | 15. Height | 16. Weight |
| See 9 | | Brown | Black | 5 11 | 169 Lbs. |

| 17. Race | | | 19. Marital Status | | | 20. U. S. Citizen | | 21. Civilian Occupation and No. |
|---|---|---|---|---|---|---|---|---|
| White | Negro X | Other (Specify) | Single X | Married | Other (Specify) | Yes X | No | Student (x-02) |

### MILITARY HISTORY

| 22. Date of Induction | 23. Date of Enlistment | 24. Date of Entry into Active Service | 25. Place of Entry into Service |
|---|---|---|---|
| 26 Aug 42 | | 8 Sep 42 | Ft Benning Ga |

| 26. SELECTIVE SERVICE DATA | 26. Registered Yes X  No | 27. Local S. S. Board No. 1 | 28. County and State Lee Co Ga | 29. Home Address at Time of Entry into Service See 9 |
|---|---|---|---|---|

| 30. Military Occupational Specialty and No. | 31. Military Qualifications and Date (i.e. Infantry, Aviation and Marksmanship Badges) |
|---|---|
| Clerk General (055) | 17 Rifle MM    30 Cal Carbine MM |

32. Battles and Campaigns
None

33. Decorations and Citations

EAMET Service Medal  Good Conduct Medal  World War II Victory Medal
Meritorius Unit Award (Go 158 Hq PBS 5 Jun 45)

34. Wounds Received in Action
None

35. Latest Immunization Dates

| Smallpox | Typhoid | Tetanus | Other (Specify) | 36. Service Outside Continental U. S. and Return | | |
|---|---|---|---|---|---|---|
| 26Jan45 | 24Oct44 | 25Nov42 | TY 6 Jul 45 | Date of Departure | Destination | Date of Arrival |
| | | | | 21 Aug 43 | EAMET | 2 Sep 43 |
| | | | | 28 Nov 45 | USA | 6 Dec 45 |

| 37. Total Length of Service | | | | 38. Highest Grade Held |
|---|---|---|---|---|
| Continental Service | | Foreign Service | | |
| Years 0 | Months 11 | Days 20 | Years 2 | Months 3 | Days 16 | Cpl |

39. Prior Service
None

40. Reason and Authority for Separation

Convenience of Government RR1-1 (dem) AR 615-365  15 Dec 44

| 41. Service Schools Attended | | 42. Education (Years) | | |
|---|---|---|---|---|
| None | | Grammar 8 | High School 4 | College 2 |

### PAY DATA

| 43. Longevity for Pay Purposes | | | 44. Mustering Out Pay | | 45. Soldier Deposit | 46. Travel Pay | 47. Total Amount, Name of Disbursing Officer |
|---|---|---|---|---|---|---|---|
| Years 3 | Months 3 | Days 17 | Amount 300 | This Payment 100 | 845.00 | 11.65 | $1152.89 HW Persons |

### INSURANCE NOTICE

IMPORTANT—If premium is not paid when due or within thirty-one days thereafter, insurance will lapse. Make Checks or Money Orders payable to the Treasurer of the United States and forward to Collections Subdivision, Veterans Administration, Washington 25, D. C.

| 48. Kind of Insurance | | | 49. How Paid | | 50. Effective Date of Allotment Discontinuance | 51. Date of Next Premium Due (One Month After 50) |
|---|---|---|---|---|---|---|
| Nat. Serv. | U. S. Government None | | Allotment | Direct to V. A. X | 31 Dec 45 | 31 Jan 46 |

| 52. Premium Due Each Month | 53. Intention of Veteran to | | |
|---|---|---|---|
| 6.60 | Continue | Continue Only | Discontinue X |

54. Remarks (This space for completion of above items or entry of other items specified in W. D. Directives)

No time lost under AW 107
Inactive ERC (26 Aug 42 to 7 Sep 42)
ASR Score (2 Sept 45) -----60
Lapel Button issued

Print of right thumb here

Right Thumb Print

| 55. Signature of Person Being Separated | 56. Personnel Officer (Type Name, Grade and Organization—Signature) |
|---|---|
| Robert Mays | ASST Peirce W Briscoe  1st Lt Inf |

*Exhibit F*

-1-

5-5-76

Loan  600,000.00  — Loan Service Fee          680.00
                    Credit Life Ins.        1,450.00
                    B Stock                52,720.00
                    Refinance Prin.        66,585.54
                    Refinance Int.          3,208.00
                                          475,356.46

#19831
1- Robert & James Mays to Herbert C. Phipps James  4,100.00
   As attorney for Edgar Lockwood - to pay off judgment.
#19832
2- James & Robert Mays to Cordele Banking Co.      61,519.31
   To pay off Bank of Cordele.  Robert
#19833
3- Robert & James Mays to MAPCO of DeSoto James   13,142.22
#19834
4- Robert & James Mays to Ga. Youth Foundation    33,730.95
   1976 Land Payment  Robert
#19835
5- Robert & James Mays to Earl Slick              12,617.42
   1976 Land Payment  Robert
#19836
6- Robert & James Mays to Internal Revenue Ser.   52,630.33
   To pay off Tax Assessment against James N. Mays
#19837
7- James & Robert Mays to Bank of Commerce        57,556.29
   To pay off Bank of Commerce.  Robert  26,500.00
#19838                    James  31,056.29
8- James & Robert Mays to The Treasurer of U.S. USDA  2,000.00
   Payment for Indebtedness of 1971 Upland Cotton Program. James
#19839
9- Robert & James Mays to The C & S Bank of Albany  1,391.41
   Equipment payment for Robert Mays
#19840
10- Robert & James Mays to Allis Chalmers Cr. Corp.  3,445.41
    Equipment payment for James Mays

Exhibit 1-G

-2-

5-5-16

#19841
11- Robert & James Mays & Kaiser Fertilizer Co.          50,281.54 ✓
   Robert Mays 1976 Operating Expenses

#19842
12- Robert & James Mays & Chokee Creek Elevator Co.       1,663.72 ✓
   1976 Operating Expenses for Robert Mays

#19843
13- Robert & James Mays & Chokee Creek Elevator Co.       1,671.38 ✓
   1976 Operating Expenses for James A. Mays

#19844
14- Robert & James Mays & De Soto Gin & Peanut Co.       19,152.48 ✓
   1976 Operating Expenses for James A. Mays

#19845
15- Robert & James Mays & De Soto Gin & Peanut Co.        2,520.00 ✓
   1976 Operating Expenses for Robert Mays

#19846
16- Robert & James Mays & Farmer Feed & Seed               700.64 ✓
   James Mays Expense

#19847
17- Robert & James Mays & C & S Limestone                 3,246.40 ✓
   Robert Mays Expense

#19848
18- Robert & James Mays & C. & S. Limestone               3,316.13 ✓
   James A. Mays Expense

#19849
19- Robert & James Mays & Commodity Credit Corp.          2,747.64 ✓
   Payment of Drying Equipment Robert

#19850
20- Robert & James Mays & Mrs. Forrester, Tax Commissioner  6,199.78 ✓
   Land taxes for Robert Mays

#19851
21- Robert & James Mays & Farmers Mutual Exchange of Albany  5,159.53
   Robert Mays Expense

#19852
22- Robert & James Mays                                   15,000.00
   Robert Mays Operating Expense

                                                Exhibit 2-G

5-5-76                                          -3-
#19853
23- Robert & James Mays                                    21,000.00
      James Mays 1976 Operating Expenses
#19854
24- Robert & James Mays & Bailey Farm Supply         4,932.42
      James Mays Expenses

5-6-76
#19862
25- Robert Mays & The Citizens Bank of Americus       19,828.41
      Pay Order B. Mays (Robert Mays Expense)

5-7-76
#19864
26- James Mays & C. M. Pippin, Jr.                     6,600.00
      1976 Land Rent- James Mays Operating Expense
#19865
27- James Mays & Mattie R. Mays                       15,500.00
      1976 Land Rent- James Mays Operating Expense
#19866
28- James N. Mays & Mrs. Daisy Street                  2,500.00
      1976 Land Rent- James Mays Operating Expense
#19867
29- James N. Mays & Dudley Developers, Inc.             900.00
      1976 Land Rent- James Mays Operating Expense

5-10-76
30- James & Robert Mays    ck #19880  Robert           5,000.00

5-18-76
#19918
31- James Mays & Mattie R. Mays                        3,600.00
      James Mays 1976 Expense

                                        Exhibit 3-6

5-18-76
#19719 *
22- James Maya
     James Maya 1976 Expense  James     3,081.12

5-24-76  #19722 *
23- Robert Maya
     1976 Operating expenses for James Maya that    5,662.64
     were paid by Robert Maya. James

6-04-76
#19762 *
34- Robert & James Maya & C. & S. Limestone Co.    1,922.80
     for 52.25 tons Basic Slag.   James

6-9-76
#20009
35- Robert & James Maya  Robert        5,700.00

6-10-76
#20015 *
36- Robert & James Maya  James        10,787.30

—————————        ————————

Amount left on deposit  9,747.22

#20057
6-24-76
Robert Maya & James Maya & C. & S. Limestone Co.    1,828.75
   Pay Invoice No. 04088 dated 6-15-76  Robert

Amount left on Deposit      7,918.47
     James
          2000.00 Robert
          3000.00 James *

Exhibit 4-G

3

## Closing Statement

Sells: Robert Mayo, et al.

Purchaser: Robert P. Green

Prop: 1,013 acres, more or less, 14th Land
District, Lee County, Georgia —

Date: December 15th, 1977

---

Purchase Price                                         $ 1,114,300.00

Interest 12-1-77 to 12-15-77
to Southwest Ga. P.C.A.                                    1,803.08
($120.2055 daily)

Interest 12-1-77 to 12-15-77
to Earl F. Shirk                                             32.87
                                                    $ 1,116,135.95

Total

Paid and credited as follows:

Earnest money previously paid                        $ 50,000.00

Assumption - Debt to Georgia Youth
     Foundation, Inc. (as of 12-1-77)                   281,429.86

Transfer Tax                                               832.90

1977 Taxes                                               2,452.55

Pay off - Earl F. Shirk                                  10,666.66

Pay off - Judgment - James Mayo                          2,031.00

SOUTHWEST GEORGIA PCA                                   624,172.66

ROBERT MAYS ET AL                                       144,550.32

                          TOTAL                      1,116,135.95.

Exhibit A

The within closing statement is for this 15th day of December
1977 accepted as true and correct.

_____
ROBERT P. Green    (Buyer)

_____
Robert Mays
ROBERT MAYS, Individually and as
representative for JESSE C. MAYS,
MARY B. PORTER, OZIE BELL MAYS,
MARIE E. PRICE, SUSIE M. MAYS,
JAMES W. MAYS and ARTHUR LEE
MAYS, all as stated in that certain
agreement between the and among
the parties dated 16/7/77.
(Sellers)

_____
WITNESS

_____
WITNESS

191

Exhibit 2-H

**Conspiracy** /kənspirəsiy/. A combination or confederacy between two or more persons formed for the purpose of committing, by their joint efforts, some unlawful or criminal act, or some act which is lawful in itself, but becomes unlawful when done by the concerted action of the conspirators, or for the purpose of using criminal or unlawful means to the commission of an act not in itself unlawful.

A person is guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he: (a) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (b) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime. Model Penal Code, § 5.03.

Crime of conspiracy is distinct from the crime contemplated by the conspiracy (target crime), Com. v. Dyer, 243 Mass. 472, 509, 138 N.E. 296, 314; cert. denied, 262 U.S. 751, 43 S.Ct. 700, 67 L.Ed. 1214. Some jurisdictions do not require an overt act as an element of the crime, e.g. Com. v. Harris, 232 Mass. 588, 122 N.E. 749.

A conspiracy may be a continuing one; actors may drop out, and others drop in; the details of operation may change from time to time; the members need not know each other or the part played by others; a member need not know all the details of the plan or the operations; he must, however, know the purpose of the conspiracy and agree to become a party to a plan to effectuate that purpose. Craig v. U. S., C.C. A.Cal., 81 F.2d 816, 822.

See also Combination in restraint of trade; Confederacy; Wharton Rule.

*Civil conspiracy.* The essence of a "civil conspiracy" is a concert or combination to defraud or cause other injury to person or property, which results in damage to the person or property of plaintiff. See also Civil conspiracy.

*Overthrow of government.* See Sedition.

*Seditious conspiracy.* See Sedition.

Exhibit I