Exhibit C

October 2004

**OFFICE OF THE CLERK
SUPREME COURT OF THE UNITED STATES
WASHINGTON, D. C. 20543**

# GUIDE FOR PROSPECTIVE INDIGENT PETITIONERS FOR WRITS OF CERTIORARI

## I. Introduction

These instructions and forms are designed to assist petitioners who are proceeding *in forma pauperis* and without the assistance of counsel. A copy of the Rules of the Supreme Court, which establish the procedures that must be followed, is also enclosed. Be sure to read the following Rules carefully:

Rules 10-14 (Petitioning for certiorari)
Rule 29 (Filing and service on opposing party or counsel)
Rule 30 (Computation and extension of time)
Rules 33.2 and 34 (Preparing pleadings on 8½ x 11 inch paper)
Rule 39 (Proceedings *in forma pauperis*)

## II. Nature of Supreme Court Review

It is important to note that review in this Court by means of a writ of certiorari is not a matter of right, but of judicial discretion. The primary concern of the Supreme Court is not to correct errors in lower court decisions, but to decide cases presenting issues of importance beyond the particular facts and parties involved. The Court grants and hears argument in only about 1% of the cases that are filed each Term. The vast majority of petitions are simply denied by the Court without comment or explanation. The denial of a petition for a writ of certiorari signifies only that the Court has chosen not to accept the case for review and does not express the Court's view of the merits of the case.

Every petitioner for a writ of certiorari is advised to read carefully the *Considerations Governing Review on Certiorari* set forth in Rule 10. Important considerations for accepting a case for review include the existence of a conflict between the decision of which review is sought and a decision of another appellate court on the same issue. An important function of the Supreme Court is to resolve disagreements among lower courts about specific legal questions. Another consideration is the importance to the public of the issue.

## III. The Time for Filing

You must file your petition for a writ of certiorari within 90 days from the date of the entry of the final judgment in the United States court of appeals or highest state appellate court or 90 days from the denial of a timely filed petition for rehearing. The issuance of a mandate or remittitur after judgment has been entered has no bearing on the computation of time and does not extend the time for filing. See Rules 13.1 and

Exhibit C

BLACK'S LAW DICTIONARY

*Exemplary or punitive damages.* Exemplary damages are damages on an increased scale, awarded to the plaintiff over and above what will barely compensate him for his property loss, where the wrong done to him was aggravated by circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct on the part of the defendant, and are intended to solace the plaintiff for mental anguish, laceration of his feelings, shame, degradation, or other aggravations of the original wrong, or else to punish the defendant for his evil behavior or to make an example of him, for which reason they are also called "punitive" or "punitory" damages or "vindictive" damages. Unlike compensatory or actual damages, punitive or exemplary damages are based upon an entirely different public policy consideration—that of punishing the defendant or of setting an example for similar wrongdoers, as above noted. In cases in which it is proved that a defendant has acted willfully, maliciously, or fraudulently, a plaintiff may be awarded exemplary damages in addition to compensatory or actual damages. Damages other than compensatory damages which may be awarded against person to punish him for outrageous conduct. Wetherbee v. United Ins. Co. of America, 18 C.A.3d 266, 95 Cal.Rptr. 678, 680. Such are given as an enhancement of compensatory damages because of wanton, reckless, malicious or oppressive char-