Exhibit L

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ROBERT MAYS,                    :
                                :
        Plaintiff,              :
                                :
        v.                      :   Civil Action
                                :   No. 06-369 (GK)
WILLIAM K. SUTER, et al.,       :
                                :
        Defendants.             :
                                :
```

## MEMORANDUM ORDER

On March 1, 2006, Plaintiff, proceeding pro se, filed a Complaint against William K. Suter, Clerk of the United States Supreme Court and Ann M. Veneman, United States Department of Agriculture.[1] Upon review of Plaintiff's Complaint, the Court was unable to discern, what, if any, cause of action Plaintiff raised. Therefore, on March 16, 2006, the Court issued an Order to Show Cause why the Complaint should not be dismissed for failure to state a cause of action.

Plaintiff responded on May 25, 2005. He stated that "beginning in 1946 and for the post [sic] 60 years I have continuously been a victim of conspiracy." Pl.'s Response to Show Cause Order at 1. Plaintiff alleged that in 1946 he was denied the right to vote, and that in 2006, "Mr. William K. Suter, Clerk of the Supreme Court denied me my day in court." Id. Plaintiff further alleged that "[f]our banks denied me an operational farm loan because my income

---

[1] Plaintiff has not yet effected service of process on the Defendants.

was too low, while USDA receiving the same documents said or implied that my income was too high." Id. at 2. It remains totally unclear how, if at all, these allegations relate to one another.

Under 28 U.S.C. Section 1915(e)(2)(B)(i)-(ii), a court can dismiss a case at any time if it determines that "the action or appeal--(i) is frivolous or malicious; [or], (ii) fails to state a claim on which relief may be granted . . . ." See also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990).

The only claim Plaintiff appears to make is one for civil conspiracy. There are two essential elements to such a claim: "(1) an agreement to take part in an unlawful action or a lawful action in an unlawful manner; and (2) an overt tortious act in furtherance of the agreement that causes injury." Hall v. Clinton, 285 F.3d 74, 82-83 (D.C. Cir. 2002) (internal citation and quotations omitted).

Even with the benefit of Plaintiff's response to the Order to Show Cause, it is clear that he cannot state a claim. Plaintiff fails to allege the existence of any agreement whatsoever, or an underlying tort upon which a conspiracy could be based, both of which are required to state a claim for civil conspiracy.

Accordingly, pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii), it is hereby

**ORDERED** that Plaintiff's Complaint is **dismissed** in its entirety, and this case is closed.

June 13, 2006

_Gladys Kessler_
Gladys Kessler
U.S. District Judge

**Copies to:**

ROBERT MAYS
357 Mays Road
Smithville, GA 31787
(229) 874-6110

3