UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT V. MAYS,<br><br>          Plaintiff,<br><br>v.<br><br>ANN M. VENEMAN,<br>UNITED STATES DEPARTMENT<br>OF AGRICULTURE<br><br>          Defendant. | ECF<br><br>Civil No. 03-0885 (PLF)<br><br>FILED<br>9/30/04<br>NANCY MAYER-WHITTINGTON<br>CLERK |

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint with prejudice under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Because plaintiff is proceeding pro se, on June 20, 2003, the Court issued an Order pursuant to Fox v. Strickland, 837 F. 2d 507 (D.C. Cir. 1988), informing plaintiff that he must respond to defendant's motion or risk having the motion to dismiss granted as conceded. On June 30, 2003, plaintiff filed a response to defendant's motion. On July 1, 2003, defendant mistakenly filed another motion to dismiss which was subsequently withdrawn. Plaintiff filed a response to this motion to dismiss as well. Defendant then filed a reply, to which plaintiff filed a third response. Upon consideration of these filings, the Court concludes that plaintiff's claim must be dismissed.

## I. BACKGROUND

Plaintiff Robert Mays claims that on January 3, 1985, he was entitled to a Farmers Home Administration operational loan and it was denied to him. See Complaint at ¶ 5. Mr. Mays claims that the loan was denied because of discrimination on the basis of his race, African American. See id. Mr. Mays then requested a review on February 6, 1985, and he claims that the findings of that review were motivated by race, violated FmHA regulations, and deprived him of equal protection. See id. at ¶ 6. Mr. Mays notes that he has appealed without success to the Department of Agriculture ("USDA") and has exhausted his administrative remedies. See id. at ¶ 7. Mr. Mays also alleges that he applied for an operational loan in 1976 with the understanding that he would receive the money in January 1976 and he did not receive the funds until May 1976. See id. at ¶ 11.[1]

## II. DISCUSSION

Defendant argues that any claim based on the alleged discrimination in 1985 is precluded by this Court's proceedings in Pigford v. Veneman, Civil Action No. 97-1978 (D.D.C.) under the principles of res judicata.[2] "The doctrine of res judicata prevents repetitious

---

[1] Mr. Mays also claims that in 1946 he was intimidated at the ballot box. See id. at ¶ 8. The Court does not address this claim as it does not appear to be related to defendant USDA.

[2] Plaintiff has offered no defense to defendant's arguments. Plaintiff's initial response to defendant's motion to dismiss states only that "[t]o dismiss my complaint without relief would turn the clock back to the DRED SCOTT days." See Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff's July 16, 2003 response reiterated his previous assertion and stated as "undisputed facts" that in 1985 he was denied an operational loan by four banks who said that his income was too low, while USDA, who had received the same documents, said that his income was too high. See Plaintiff's Second Response to Defendant's Motion to Dismiss at 1. Plaintiff's final response, on August 4, 2003 stated only that plaintiff's claim of credit discrimination is based on events that occurred in

litigation involving the same causes of action or the same issues." I.A.M. National Pension Fund v. Industrial Gear Manufacturing. Co., 723 F.2d 944, 946 (D.C. Cir. 1983). The doctrine holds that "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Drake v. Federal Aviation Administration, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). In this way, res judicata helps to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981); see also Allen v. McCurry, 449 U.S. at 94.

The Pigford lawsuit certified a class of "African American farmers who (1) farmed, or attempted to farm, between January 1, 1981 and December 31, 1996; (2) applied to the United States Department of Agriculture (USDA) during that time period for participation in a federal farm credit or benefit program and who believed that they were discriminated against on the basis of race in USDA's response to that application; and (3) filed a discrimination complaint on or before July 1, 1997, regarding USDA's treatment of such farm credit or benefit application." Pigford v. Veneman, 185 F.R.D. 82, 92 (D.D.C. 1999). The facts as alleged by plaintiff in connection with the 1985 loan denial demonstrate that plaintiff was a Pigford class member. The Pigford Consent Decree provided that the claims raised in the litigation were to be dismissed with prejudice when the Consent Decree was approved by the Court. See Consent Decree at ¶ 15. There is no indication in plaintiff's papers that he opted out of the class and thus preserved his right to pursue remedies either before the USDA or in a separate court action

---

1985. See Response to Defendant's Reply Brief in Support of Motion to Dismiss Plaintiff's Complaint.

C-3

independent of the Pigford claims process. See Pigford v. Veneman, 185 F.R.D. at 95.[3] His claim therefore was dismissed with prejudice by the settlement in Pigford. The Court thus must conclude that plaintiff's claim of discrimination in connection with the 1985 loan is barred by the principles of res judicata and must be dismissed.

The government also argues that any claims based on the alleged discrimination in 1976 are time-barred. The alleged discrimination took place 27 years ago. The Court assumes that plaintiff is intending to assert a claim under the Equal Credit Opportunity Act ("ECOA"). The statue of limitations under ECOA is two years. See 15 U.S.C. 1691e(f). In 1998, Congress provided relief to farmers with respect to the statute of limitations by passing legislation that tolled the statute of limitations for all those farmers who, among other qualifications, alleged discrimination during the period beginning on January 1, 1981 and ending on or before December 31, 1996. See Pigford v. Veneman, 185 F.R.D. at 88. No tolling applies, however, to claims arising prior to 1981, such as plaintiff's 1976 claim. Plaintiff's claim involving alleged discrimination in 1976 therefore is time-barred and must be dismissed.

An Order and Judgment consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE:

---

[3]   Indeed, plaintiff has attached the Adjudicator decision from his Track A claim to his complaint, showing that plaintiff in fact took part in the Pigford claim process.

C-4